

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*402 East State Street, Rm 4030*  (609) 989-2910
*Trenton, NJ 08608*

EWM/PL AGR
2013R00458

March 18, 2014

Lisa Van Hoeck, Esq.
Federal Public Defender's Office
22 South Clinton Avenue
Station Plaza 4, Fourth Floor
Trenton, NJ 08609

   Re: <u>Plea Agreement with Scott Piro</u>  14-258-01 (FLW)

Dear Ms. Van Hoeck:

   This letter sets forth the plea agreement between your client, Scott Piro, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

   Conditioned on the understandings specified below, this Office will accept a guilty plea from Scott Piro to an information, which charges conspiracy to distribute and to possess with intent to distribute 3,4-Methylenedioxymethcathinone Hydrochloride (hereinafter "Methylone"), contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in violation of 21 U.S.C. § 846. If Scott Piro enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Scott Piro for, between in or about December 2012 and on or about April 3, 2013, in Ocean County, in the District of New Jersey and elsewhere, conspiring to distribute and possess with intent to distribute Methylone, including the conduct set forth in the Criminal Complaint captioned <u>United States v. Scott Piro</u>, Mag. No. 13-2514 (DEA). However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Scott Piro may be

commenced against him, notwithstanding the expiration of the limitations period after Scott Piro signs the agreement.

Sentencing

   The violation of 21 U.S.C. § 846 to which Scott Piro agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $1,000,000 or (2) twice the gross profits or other proceeds to Scott Piro. Fines imposed by the sentencing judge may be subject to the payment of interest.

   The sentence to be imposed upon Scott Piro is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Scott Piro ultimately will receive.

   Further, in addition to imposing any other penalty on Scott Piro, the sentencing judge: (1) will order Scott Piro to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Scott Piro to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) may deny Scott Piro certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (4) pursuant to 21 U.S.C. § 841, must require Scott Piro to serve a term of supervised release of at least 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Scott Piro be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Scott Piro may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Scott Piro by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Scott Piro's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Scott Piro agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Scott Piro from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Scott Piro waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

Scott Piro understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Scott Piro understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Scott Piro wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Scott Piro understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Scott Piro waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Scott Piro. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Scott Piro.

No Other Promises

This agreement constitutes the plea agreement between Scott Piro and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: ERIC W. MORAN
Assistant U.S. Attorney

APPROVED:

HARVEY BARTLE
Attorney-in-Charge
Trenton Office

I have received this letter from my attorney, Lisa Van Hoeck, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____                    Date: March 28, 2014
Scott Piro

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____                    Date: March 28, 2014
Lisa Van Hoeck, Esq.

<u>Plea Agreement With Scott Piro</u>

<u>Schedule A</u>

1. This Office and Scott Piro recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Scott Piro nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2013 applies in this case. The applicable guideline is U.S.S.G. § 2D1.1.

3. It is agreed between the parties that the total amount of Methylone attributable to the defendant for sentencing purposes is 1,000 grams. It is agreed between the parties that, pursuant to the analysis in comment 6 to U.S.S.G. § 2D1.1, the most closely related controlled substance to Methylone referenced in the United States Sentencing Guidelines is 3,4-Methylenedioxymethamphetamine ("MDMA"). One gram of MDMA is equivalent to 500 grams of marihuana. <u>See</u> U.S.S.G. § 2D1.1, cmt. 8(D).

4. The parties agree that Methylone is approximately one half as potent as MDMA. Accordingly, it is agreed between the parties that 1 gram of Methylone is equivalent to 250 grams of marihuana. 1,000 grams of Methylone is equivalent to 250,000 grams (250 kilograms) of marihuana.

5. Accordingly, after the Methylone involved in this case is converted to marihuana, the offense involved a total of 250 kilograms of marihuana, which is at least 100 kilograms but less than 400 kilograms of marijuana, resulting in a Base Offense Level of 26. <u>See</u> U.S.S.G. § 2D1.1(c)(7).

6. The United States Sentencing Commission has published a proposed amendment that would lower by two levels the base offense levels associated with the various drug quantities set forth in the Table at U.S.S.G. §2D1.1(c). Although that proposed amendment has not yet been adopted by the United States Sentencing Commission and has not become effective, it is the policy of the United States Department of Justice that the base offense levels for drug offenses should be reduced by two levels under certain circumstances. Accordingly, the United States does not oppose a downward variance of two levels. To the extent that this downward variance of two levels is granted by this Court, the defendant agrees not to seek a further reduced sentence pursuant to 18 U.S.C. Section 3582(c) on the basis of the two-level reduction, in the event the two-level reduction is adopted and made retroactive by the United States Sentencing Commission.

7. Because a dangerous weapon was possessed by Scott Piro, Specific Offense Characteristic 2D1.1(b)(1) applies. This Specific Offense Characteristic results in an increase of 2 levels.

8. The parties disagree as to the applicability of the "safety-valve" provisions found in U.S.S.G. § 5C1.2 and the corresponding 2-level reduction found in U.S.S.G. § 2D1.1(b)(16). Scott Piro reserves the right to argue that he is safety-valve eligible and to seek a 2-level reduction pursuant to Section 2D1.1(b)(16) and this Office reserves the right to oppose any such argument.

9. As of the date of this letter, Scott Piro has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Scott Piro's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

10. As of the date of this letter, Scott Piro has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Scott Piro's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Scott Piro enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Scott Piro's acceptance of responsibility has continued through the date of sentencing and Scott Piro therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Scott Piro's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

11. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. Scott Piro reserves the right to seek a further variance pursuant to 18 U.S.C. § 3553(a) based on factors other than those set forth in Paragraph 6, and this Office reserves the right to oppose any such motion or request for a further variance based on factors other than those set forth in Paragraph 6.

12. Scott Piro knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 23. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above

the Guidelines range that results from a total Guidelines offense level of 23. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

       13. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.